PER CURIAM.
This petition for writ of certiorari filed by the Florida Department of Corrections challenges two trial court orders finding Jewel P. Goodman eligible for certain amounts of gain time in two Palm Beach County prosecutions. The trial judge entered orders purporting to clarify Goodman’s sentences, providing that Goodman would serve 71.4 months in prison concurrently in the two felony cases, with credit for 139 days of time served. Then the judge added that only the first 60 months in each case must be served day for day under the Prison Releasee Reoffender Act, section 775.082(9), Florida Statutes, and that during the remaining 11.4 months, Goodman would be eligible for gain time. Attached to the orders in these two cases was a handwritten calculation of Goodman’s release date.
The Florida Department of Corrections wrote the judge a letter stating that Goodman would potentially serve more time incarcerated under the judge’s calculations of release date than its own calculations showed. It also stated that the Department of Corrections had the duty to calculate an inmate’s release date, rather than the sentencing court. The court did not act on this letter.
The Department of Corrections now seeks certiorari review of the trial court’s orders. Certiorari lies to review them. See Fla. Dep’t of Corr. v. Rico, 975 So.2d 632 (Fla. 4th DCA 2008). The Attorney General’s Office has filed a response in this court advising that it agrees with the petitioner Department of Corrections that the trial court’s orders in this case exceeded the authority of the sentencing court, as the matter of awarding gain time to state prisoners is one within the exclusive province of the Department of Corrections. See Fla. Dep’t of Corr. v. Martinez, 873 So.2d 537 (Fla. 4th DCA 2004); Crosby v. Harvey, 861 So.2d 102 (Fla. 4th DCA 2003).
Therefore, we grant the petition for writ of certiorari and quash the trial court’s two orders clarifying Goodman’s sentences in these eases. The cases are remanded for further proceedings in the circuit court consistent with this opinion.

Petition granted; order quashed and remanded.

WARNER, POLEN and HAZOURI, JJ., concur.